OPINION. Murdock, Judge: Decision of the first issue depends upon whether any obligation of the petitioner to pay its employees for vacations in 1946 accrued in 1945. A liability accrues when it becomes fixed and determined, that is, when the conditions and events which determine the liability have all occurred. Here they- did not occur in 1945 and there is no reason to allow the amount to be deducted. No employee was entitled to vacation pay under the agreement unless lie was an employee at the begining of the contract year and had been an employee for at least 1 year prior thereto. Employees on May 1,1945, who had been employees for 1 year or more prior to that date were entitled to vacations with pay to be taken between May 1 and-December 1, 1945, regardless of any possible separation after May 1, 1945, and before December 1, 1945. The amount payable to any employee for 1945 vacation pay would depend upon the amount of his wages for the 12 months prior to May 1, 1945. The petitioner accrued, deducted, and has been allowed for 1945 the amount required to discharge that obligation. It here seeks to deduct an additional amount, equal to two-thirds of the 1945 payment, upon the theory that continued employment of the same men for the last 8 months of 1945 obligated the petitioner to pay them additional vacation pay during the period May 1, 1946, to December 1, 1946. Not only would that method distort income for 1945 by deducting from it vacation pay for 20 months but it would also allow a deduction for a contingent liability which did not accrue in 1945. It was not known in 1945 whether or not the contract then in effect would remain in effect after April 30, 1946, but if it did, nevertheless the mere employment of a man during the period May 1, 1945, through December 31, 1945, did not entitle him to vacation pay for 1946. If he thereafter separated from the petitioner for any reason he would fail to qualify on May 1, 1946, for vacation pay for the employment period beginning on that day. Likewise some employees would first qualify for Group 1 or for Group 2 depending upon events after December 31, 1945, and that would be another uncertainty in their cases. Thus no liability of the petitioner for 1946 vacation pay accrued during 1945 and the Commissioner did not err in failing to allow a deduction for the $14,143.16. Morrisdale Coal Mining Co., 19 T. C. 208. The petitioner contends that the cost of the catalogs was deductible in the years in which it was paid, although they used an accrual method of accounting which, if properly followed, would probably produce a different result. One reason urged in support of that contention is that these were advertising expenses or substantially the equivalent of advertising expenses. However, if a taxpayer purchases an asset having a useful life of several years and uses it to advertise its products over several years, its cost is not deductible as an expense of the first year. Alling & Cory Co., 7 B. T. A. 574; Liberty Insurance Bank, 14 B. T. A. 1428, reversed for other reasons 59 F. 2d 320. The respondent contends that the costs of the catalogs were capital expenditures since the catalogs were capital assets which had useful lives extending well beyond 1 year. The catalogs were capital assets and their useful lives extended beyond the year 1946 in which they were issued. Those here in question, Nos. 25, 26, and 27, had no effect whatsoever upon the income of 1944, 1945, and the first 8 months of 1946 since they were not in use during that period. Income of those periods would be distorted if a part of the cost of the catalogs were to be allowed as deductions against the income of those periods. The catalogs were put in use for the first time in September 1946 and they continued to benefit the business for more than 5 years thereafter. The petitioner contends that the cost should not be capitalized and recovered through deductions for amortization under section 28 (1) because the exact period of usefulness of the catalogs is not determinable and their value to the petitioner did not diminish with use. The same thing could be said in regard to many capital assets, the cost of which is recoverable under section 23 (1). Deductions under that section are approximations at best and it is only necessary that a reasonable allowance be determined. Cases where the period of useful life was so problematical and uncertain that costs could not be fairly recovered under section 23 (1) but had to be allowed when paid or incurred are not to be extended to a case like this. The Commissioner has determined a reasonable allowance based upon an estimated 5-year life of the catalogs and the petitioner has not shown that the deduction allowed for 1946 was other than reasonable. Furthermore, the income of the petitioner is more accurately reflected by the method adopted by the Commissioner than it would be under that contended for by the petitioner. The petitioner has not shown that the Commissioner erred in either of the two points in issue. Decision will be entered under Bule 50.